UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MARTIN L. SPENCE,                    )
                                     )
            Petitioner               )
                                     )      Civil Action No.
      v.                             )      04cv10385-RWZ
                                     )
IMMIGRATION & NATURALIZATION         )
SERVICE,                             )
                                     )
            Respondents              )

RESPONDENT'S RETURN, AND MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS

## SUMMARY STATEMENT OF CASE

Respondent[1] moves for dismissal of this action for lack of subject matter jurisdiction and failure to state any claim upon which relief may be granted.

Over 10 years ago petitioner was ordered deported by order of the Board of Immigration Appeals ("BIA"), after having been denied discretionary relief by an Immigration Judge in New York, New York. See Attachments A, B. Now, for

---

[1] The Immigration and Naturalization Service of the United States Department of Justice was "abolished" by section 471 of the Homeland Security Act of 2002, Pub. L. 107-296, tit. IV, subtits. D, E, F, 116 Stat. 2135, 2192 (Nov. 25, 2002) ("HSA"). Most of the interior enforcement functions of the former INS were transferred to the Department of Homeland Security ("DHS"), Directorate of Border and Transportation Security, Bureau of Immigration and Customs Enforcement. These changes were effective March 1, 2003. As of a DHS restructuring effective June 9, 2003, it is understood at present that the responsive successor official of the Department of Homeland Security in the instant action is Bruce Chadbourne, Interim Field Director for Detention and Removal, Bureau of Immigration and Customs Enforcement in Boston, Massachusetts.

the first time, petitioner attempts to raise a claim of ineffective assistance of counsel.  However, the Court should dismiss this action, because petitioner has failed to exhaust administrative remedies on this claim, and because the claim fails to state a claim upon which relief may be granted.

### CASE BACKGROUND AND FACTS

Petitioner is a native and citizen of Jamaica who entered the United States as an alien lawfully admitted for permanent residence on October 31, 1974.  On May 5, 1976, petitioner was convicted in the New York State Supreme Court, County of Bronx, for the offense of Robbery, 1st Degree, and sentenced to a period of 3 to 12 years imprisonment.[2]  An administrative Order to Show Cause dated June 6, 1978 commenced removal proceedings against petitioner, alleging his deportability under former Immigration and Nationality Act ("INA") section 241(a)(4), former 8 U.S.C. § 1251(a)(4), as an alien convicted of a crime involving moral turpitude committed within five years of entry to the United States.

In deportation proceedings petitioner was represented by an accredited representative, the Rev. Robert Vitiglione. See 8 C.F.R. § 1292.1(a)(4) (providing for representation aliens in deportation and removal proceedings by accredited

---

[2] Petitioner's criminal record includes far more recent convictions post-dating his deportation order and accounting,

2

representatives). Petitioner conceded his deportability, but applied for the discretionary relief from deportation of former INA section 212(c), former 8 U.S.C. § 1182(c). However, after hearings were concluded, the Immigration Judge denied petitioner's relief application in the exercise of discretion, and ordered petitioner deported to Jamaica. Attachment A.

Petitioner appealed the deportation order to the BIA, again represented by the Rev. Robert Vitiglione on appeal, and by decision dated February 15, 1994, the BIA dismissed petitioner's appeal. Attachment B. At that time, it was available to petitioner to have sought judicial review of his deportation order at the United States Court of Appeals, but he failed to seek such review. See former INA section 106(a)(2), former 8 U.S.C. § 1105a(a)(2).

Petitioner moved to reopen his case at the BIA, but the BIA denied that motion to reopen by decision dated January 14, 2003. Attachment C.

Petitioner remains in respondent's custody pending execution of his deportation order.

---

in part, for his continued presence in the United States

**ARGUMENT**

I.   THIS COURT LACKS SUBJECT MATTER JURISDICTION IN HABEAS
     CORPUS PROCEEDINGS BECAUSE PETITIONER HAS ABANDONED THE
     PRESCRIBED AVENUE FOR JUDICIAL REVIEW AT THE
     CIRCUIT COURT OF APPEALS.

     Petitioner's avenue for judicial review of the BIA's

February 15, 1994, dismissal of his administrative appeal was

to have appealed that order to the United States Court of

Appeals within 30 days of the entry of the final deportation

order by the Board of Immigration Appeals ("BIA"). See former

8 U.S.C. § 1105a(a)(1) ("a petition for review may be filed

not later than 90 days after the date of the issuance of the

final deportation order [or 30 days in case of an alien

convicted of an aggravated felony]").

     This statutorily prescribed scheme for judicial review

was fully available to petitioner in 1994, but he abandoned

it.   Therefore habeas corpus review of that order is

unavailable to him.   See Taniguchi v. Schultz, et al., 303

F.3d   950 (9th Cir. 2002) (habeas corpus jurisdiction under

section 2241 is unavailable in immigration case where there

is another specific judicial review mechanism provided by

statute); Foroglou v. INS, 241 F.3d 111, 115 (1st Cir. 2001)

(where an alien "has had full access to this [circuit] court

for direct review of orders leading to his deportation

. . . . under these circumstances, it is hard to view the

habeas petition to the district court as anything other than

---

serving his criminal sentence.

an attempt, contrary to section 242(g) [8 U.S.C. § 1252(g)],
to prevent the Attorney General from 'execut[ing][a] removal
order[ ].'"); Arloo v. Ashcroft, 238 F.Supp.2d 381, 383 (D.
Mass. 2003) (Ponsor, D.J.), ("habeas review is proper only
when there is 'no other way' to present a legal challenge to
a deportation order", citing Foroglou v. Reno, 241 F.3d 111,
115 (1st Cir. 2001), and "[t]his [Foroglou] holding was not
affected by the Supreme Court's decision in INS v. St. Cyr,
533 U.S. 289 (2001)"). Cf. Seale v. INS, 323 F.3d 150, 154
(1st Cir. 2003) ("[g]iven the strong arguments on both sides,
it is by no means a clear call whether the district court
possesses jurisdiction here.")

Moreover, it has been held that failure to pursue and
exhaust available review operates as a waiver of habeas
review. Mattis v. Reno, et al., 212 F.3d 31, 41 (1st Cir.
2000) ("[t]raditional rules regarding exhaustion and waiver
[which] govern on direct review of BIA final orders . . . .
[also] hold on habeas review, which we have suggested is less
broad than direct review."); Groccia v. Reno, et al., 234
F.3d 758, 762 (1st Cir. 2000) ("Conventional forfeiture rules
pertain in habeas cases."). Cf. Theodoropoulos v. INS, ---
F.3d --- (2d Cir. 2004) (2004 WL 49118, *7) ("we hold that,
by its plain language, § 1252(d)'s mandate that unless a
petitioner 'has exhausted all administrative remedies
available,' a 'court may [not] review a final order of

removal,' []8 U.S.C. § 1252(d), applies to all forms of review including habeas corpus.").

This Court therefore now lacks subject matter jurisdiction to review the BIA's February 15, 1994, deportation order.

II. HABEAS CORPUS REVIEW OF PETITIONER'S DEPORTATION ORDER IS LIMITED TO REVIEW OF ONLY "COLORABLE CLAIMS OF LEGAL ERROR".

Even if habeas corpus review were not barred by petitioner's failure to seek statutorily prescribed judicial review, the petition fails to state a colorable claim within the scope of habeas review as required by Carranza v. INS, 277 F.3d 65, 71 (1st Cir. 2002) ("[f]ederal courts therefore retain subject matter jurisdiction over habeas petitions brought by aliens facing removal to the extent those petitions are based on colorable claims of legal error, that is, colorable claims that an alien's statutory or constitutional rights have been violated.").

In INS v. St. Cyr, 533 U.S. 289 (2001) the Supreme Court answered the question, already resolved in the affirmative in the First Circuit by Mahadeo v. Reno, 226 F.3d 3 (1st Cir. 2000), whether habeas corpus jurisdiction exists for review of pure issues of law in challenges to final orders of removal.[3] "In sum," wrote Justice Stevens, "even assuming that

---

[3] The Supreme Court's very brief opinion in Calcano-Martinez v. INS, 121 S. Ct. 2268 (2001) effectively adopted the detailed reasoning of its St. Cyr opinion.

the Suspension Clause protects only the writ as it existed in 1789, there is substantial evidence to support the proposition that pure questions of law like the one raised the respondent in this case could have been answered in 1789 by a common law judge with power to issue the writ of habeas corpus." St. Cyr at 304-5.

The Supreme Court, however, drew a sharp distinction between review of cases presenting pure law questions, and review of other, fact-bound, or discretionary cases. The Court recognized that St. Cyr's "application for a writ of habeas corpus raises a pure question of law. He does not dispute any of the facts that establish his deportability or the conclusion that he is deportable. Nor does he contend that he would have any right to have an unfavorable exercise of the Attorney General's discretion reviewed in a judicial forum. Rather, he contests the Attorney General's conclusion that, as a matter of statutory interpretation, he is not eligible for discretionary relief." Id. at 298 (emphasis added).

The Supreme Court also observed that, "in the immigration context, 'judicial review' and 'habeas corpus' have historically distinct meanings." St. Cyr at 290, citing Heikkila v. Barber, 345 U.S. 229 (1953). In St. Cyr the Supreme Court noted its determination in Heikkila, supra, that "the limited role played by the courts in habeas corpus

proceedings was far narrower than the judicial review authorized by the APA", and that "'it is the scope of inquiry on habeas corpus that differentiates' habeas review from 'judicial review.'" St. Cyr at 312, citing Heikkila, 345 U.S. at 236.

Indeed, the Supreme Court cited to Mahadeo v. Reno, 226 F.3d 3, 12 (1st Cir. 2000) for circuit court recognition that "judicial review" "is a term historically distinct from habeas." St. Cyr at 313-4. See e.g. Mahadeo, supra, at 8 fn.6 ("Because Mahadeo's petition asserts purely statutory interpretation and constitutional questions, it falls squarely within the ambit of § 2241's jurisdictional grant."). See Goncalves v. Reno, et al., 144 F.3d 110, 125 (1st Cir. 1998) ("[o]ur holding is narrow and nothing we say should be taken to suggest that such [28 U.S.C. § 2241] review as is available on habeas is necessarily as broad as the traditional administrative review available under old § 106."). See also Foroglou v. Reno, et al., 241 F.3d at 114 (court assuming pre-St. Cyr that "habeas is preserved for those who have no other way to present on direct review constitutional or other legal challenges to a final order of deportation.") (emphasis in original)).

It has been further held in the circuit courts that such habeas corpus jurisdiction in the federal courts as may exist to review removal orders does not reach factual or

discretionary determinations.  In Sol v. INS, 274 F.3d 648 (2d Cir. 2001), the Second Circuit affirmed a district court's dismissal of a habeas corpus petition seeking to challenge a discretionary determination of the INS. The Second Circuit in Sol noted that a petition for habeas corpus may be used to challenge incarceration or orders of deportation as being "in violation of the Constitution or laws or treaties of the United States." Sol at 650.   The court also noted, however, that Sol challenged only the IJ and BIA's discretionary calculus as "lack[ing] adequate support in the record." Id.  The Second Circuit stated that "[t]his sort of fact-intensive review is vastly different from what the habeas statute plainly provides: review for statutory or constitutional errors." Id.

The Second Circuit observed that several other circuit courts had also come to the conclusion that § 2241 petitions do "not extend to review of discretionary determinations by the INS," citing to Finlay v. INS, 210 F.3d 556, 557 (5th Cir. 2000); Bowrin v. USINS, 194 F.3d 483, 490 (4th Cir. 1999); Catney v. INS, 178 F.3d 190, 195 (3d Cir. 1999). Id. See also Gutierrez-Chavez v. INS, 298 F.3d 824 (9th Cir. 2002)("[28 U.S.C.] § 2241 does not say that habeas is available to challenge purely discretionary (yet arguably unwise) decisions made by the executive branch that do not involve violations of the Constitution or federal law").

Recently, the First Circuit confirmed in Carranza v. INS, 277 F.3d 65, 71 (1st Cir. 2002) its understanding of the Supreme Court's St. Cyr ruling that "[f]ederal courts therefore retain subject matter jurisdiction over habeas petitions brought by aliens facing removal to the extent those petitions are based on colorable claims of legal error, that is, colorable claims that an alien's statutory or constitutional rights have been violated." See also Reid v. INS, 203 F.Supp.2d 47, 49 (D. Mass. 2002) (same); Lopez v. Ashcroft, 267 F.Supp.2d 150, 153 (D. Mass. 2003)(Court holding that where a "fact-intensive review" of a legal determination "demands an extensive factual inquiry", that therefore "the Court does not possess habeas jurisdiction in th[e] case."); Sawan v. Farquharson, No. 02-10959-RGS (D. Mass. 2002) (2002 WL 1465771, *1) (the scope of habeas review of deportation orders "does not include factual or discretionary determinations made by the INS."); Sulaiman v. Attorney General, 212 F.Supp.2d 413, 416 (E.D.Pa. 2002) ("scope of review of [deportation orders] is limited to questions of law.").

In the First Circuit, it has also now been established that administrative discretionary determinations in immigration cases are not reviewable in habeas cases. St. Fort v. Ashcroft, 329 F.3d 191, 202 (1st Cir. 2003) ("[t]he scope of habeas review is not the same as the scope of

10

statutory judicial review in the courts of appeal. . . . if a
statute makes an alien eligible to be considered for a
certain form of relief, he may raise on habeas the refusal of
the agency to even consider him. But he may not challenge the
agency's decision to exercise or not exercise its discretion
to grant relief.").

This Court subject matter jurisdiction would be
restricted to "colorable claims of legal error" or "pure
questions of law" relating to a final order of deportation in
the instant habeas petition, assuming review were not
otherwise barred, as it is, by petitioner's failure to
exhaust his claim administratively, see former INA section
106(c), former 8 U.S.C. § 1105a(c),[4] and by waiver of his
claims by failing to pursue the statutorily prescribed
judicial avenue at the First Circuit Court of Appeals.

However, for the reasons set out below, even if the
claim were not waived petitioner has failed to state any
colorable claim of legal error or other claim within the
proper scope of habeas corpus review.

-------------------------

[4] Former INA section 106(c), 8 U.S.C. § 1105a(c):

An order of deportation or of exclusion shall not
be reviewed by any court if the alien has not
exhausted the administrative remedies available as
of right under the immigration laws and regulations
or if he has departed from the United States after
the issuance of the order.

(Emphasis added).

III. THE PETITION FAILS TO STATE ANY COLORABLE CLAIM OF
     LEGAL ERROR WITHIN THE SCOPE OF HABEAS CORPUS
     JURISDICTION, BECAUSE PETITIONER FAILS TO STATE ANY
     CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL.

     Even if review were not waived, petitioner's present

challenge to his deportation order asserts an ineffective

assistance of counsel claim more than 10 years after the date

of his final order of deportation.  Generally speaking, the

First Circuit has been slow to embrace such stale claims. See

Hernandez v. Reno, 238 F.3d 50, 57 (1st Cir. 2001)(court

finding it was "hard to stomach" the idea that Hernandez

could "sit on his hands" for years and then say that [because

of ineffective assistance of counsel] he was

unconstitutionally denied an opportunity to pursue an appeal

from the denial of waiver.").[5]

     Even where such claims are cognizable, the alleged

ineffective assistance of counsel assertions must satisfy the

criteria of Matter of  Lozada, 19 I & N Dec. 637, 639 (BIA

1988), aff'd, 857 F.2d 10 (1st Cir. 1988).[6]  In Betouche v.

---

[5] The circuit court remarked also that the "concern in the
immigration context is not with the Sixth Amendment but with
preserving a fair opportunity to have a waiver claim
considered; it does not include an opportunity to tie up
deportation proceedings in knots through collateral attacks
on defects that would not plausibly have altered the result."
Hernandez, 238 F.3d at 57.
[6] In Matter of Lozada 19 I & N Dec. 637, 639 (BIA 1988), the
Board held that a motion to reopen or reconsider based upon a
claim of ineffective assistance of counsel requires that (1)
the motion be supported by  an affidavit of the allegedly
aggrieved respondent setting forth in detail the agreement
that was entered into with counsel with respect to the
actions to be  taken and what representations counsel did or

12

Ashcroft, --- F.3d --- (1st Cir. 2004) (2004 WL 253401) the
First Circuit again addressed the standard for assessing
administrative motions to reopen based upon ineffective
assistance of counsel claims.  In Betouche, the claim was
that ineffective counsel filed the appeal from an Immigration
Judge's order denying a petitioner's asylum application late,
and then deliberately concealed from petitioner the
subsequent dismissal of the appeal for untimeliness by Board
of Immigration Appeals for more than three years.

    Betouche recognized that there is a Fifth Amendment due
process right to be free from incompetent legal
representation that renders removal or deportation
proceedings "fundamentally unfair." Betouche, 2004 WL 253401
at * 1.  In connection with the standard for administrative
assessment of motions to reopen based upon claims of
ineffective assistance of counsel, again expressed approval
of the BIA's administrative protocol  for establishing such
claims, set out in Matter of Lozada, 19 I&N Dec. 637, 639
(BIA 1988).  The First Circuit observed that Lozada "advanced
important policy reasons" for its requirements, recognizing
that "[s]ince a delay in deportation may itself create a

_____

did not make to the respondent in  this regard;  (2) counsel
whose integrity or competence is being impugned be  informed
of the allegations leveled against him and be given an
opportunity to respond;  and (3) the motion reflect whether a
complaint has been filed with  the appropriate disciplinary
authorities with respect to any violation of  counsel's

13

substantial boon to an alien already subject to a final deportation order, there exists a significant prospect that entirely meritless and/or collusive ineffective assistance claims may be filed for purely dilatory purposes." Betouche, 2004 WL 253401 at *2.

The First Circuit was concerned that the Immigration Courts be able to use mechanisms fairly and efficaciously for "screening out, ab initio, the numerous groundless and dilatory claims routinely submitted in these cases." Betouche, 2004 WL 253401 at * 2.  The Betouche court declared that administrative insistence upon the affidavit requirement advances the underlying policy purposes, and "serves as a screening device whereby deportable aliens are discouraged from filing dilatory ineffective assistance claims." Betouche, 2004 WL 253401 at * 2.

Additionally, the Betouche court also insisted on the second requirement of Matter of Lozada, supra, viz., the requirement that the alien petitioner demonstrate that he has advised the allegedly ineffective counsel of the allegations against that counsel and accord that attorney the opportunity to respond.  Betouche found that it was insufficient to rely merely upon the Bar Complaint as a means of such communication to allegedly ineffective prior counsel. Betouche, 2004 WL 253401 at * 3.

---

ethical or legal responsibilities, and if not, why not.

14

Finally, the First Circuit in Betouche declared that even if the petitioner had satisfied the requirements of Matter of Lozada, supra, "he would have had the burden to establish at least a reasonable probability of prejudice resulting from his former attorney's failure to bring a timely appeal from the final deportation order." Betouche, n.8, 2004 WL 253401 at * 4. In this important regard, the First Circuit in Betouche declared: "Counsel's failure to prosecute an immigration appeal -- even if negligent -- does not constitute prejudice per se." Betouche, 2004 WL 253401 at * 4.

Because petitioner has failed to exhaust administrative remedies on his sudden ineffective assistance of counsel claim, he has completely ignored these Lozada requirements, and his due process claim fails. See also Hamid v. Ashcroft, 336 F.3d 465, 469 (6th Cir. 2003)("Sound policy reasons support compliance with the Lozada requirements. The requirements facilitate a more thorough evaluation by the BIA and 'discourag[e] baseless allegations' [citing Lozada, 19 I. & N. Dec. at 639], and [petitioner's] failure to comply results in a forfeiture of his ineffective-assistance-of-counsel claim."); Stroe v. INS, 256 F.3d 498, 503-04 (7th Cir.2001) (denying an alien's petition claiming ineffective

---

Additionally, there must be a showing of prejudice.

15

assistance of counsel because the petitioner did not comply with the Lozada requirements).

Even if petitioner had properly and timely presented his ineffective assistance claims, they are meritless.

Alien respondents in deportation proceedings of course are entitled to constitutional due process, although "[i]neffective assistance of counsel in a deportation proceeding is a denial of due process only 'if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case.'" Lozada v. INS, supra, 857 F.2d at 13, quoting Ramirez-Durazo v. INS, 794 F.2d 491, 499-500 (9th Cir. 1986)(citation omitted). See also Leblanc v. INS, 715 F.2d 685, 694 (1st Cir. 1983)(no need to remand based upon ineffective assistance of counsel where no violation of fundamental fairness).

Because petitioner has failed to state any colorable due process claim, he fails to state any claim cognizable on habeas corpus review of a deportation order. Carranza v. INS, 277 F.3d 65, 71 (1st Cir. 2002) ("[f]ederal courts therefore retain subject matter jurisdiction over habeas petitions brought by aliens facing removal to the extent those petitions are based on colorable claims of legal error, that is, colorable claims that an alien's statutory or constitutional rights have been violated.").

In addition, petitioner has wholly failed to make any

16

showing of prejudice resulting from the alleged ineffective assistance. As the First Circuit has put it, "he would have had the burden to establish at least a reasonable probability of prejudice resulting from his former attorney's failure to bring a timely appeal from the final deportation order." Betouche, n.8, 2004 WL 253401 at * 4; Bernal-Vallejo v. INS, 195 F.3d 56, 63 (1st Cir. 1999)(an "applicant claiming a denial of due process must generally show prejudice".). In this connection, petitioner fails to demonstrate that the discretionary denial of his application for relief under former INA section 212(c) was the fault of the representation of the Rev. Robert Vitiglione. As the decisions of the Immigration Judge and the BIA make clear, petitioner's criminal record and other irresponsible conduct plainly outweighed any positive factors in the administrative discretionary balance. See Chen v. INS, 87 F.3d 5, 8 (1st Cir. 1996) (INA section 212(c) relief applications "are not profligately to be granted.").

Relating more generally to administrative ineffective assistance due process claims in the First Circuit, in Hernandez v. Reno, 238 F.3d 50 (1st Cir. 2001), the First Circuit was deliberately slow to import wholesale Sixth Amendment right-to-counsel notions into the deportation due-process context. "We are unwilling, unless directed to do so, to incorporate into civil deportation proceedings the

whole apparatus of Sixth Amendment precedent", said that
court.   Hernandez, 238 F.3d at 57.

In a particularly instructive observation, the Hernandez
court remarked: "Our concern in the immigration context is
not with the Sixth Amendment but with preserving a fair
opportunity to have a waiver claim considered; it does not
include an opportunity to tie up deportation proceedings in
knots through collateral attacks on defects that would not
plausibly have altered the result." Hernandez, 238 F.3d at
57.   That approach is applicable to the instant case because
petitioner fails entirely to demonstrate what the ineffective
assistance of counsel was in his 1994 deportation hearing,
and fails to demonstrate prejudice, that is, that he
otherwise would have established entitlement to the favorable
exercise of administrative discretion but for the performance
of his representative.   Thus it appears that petitioner's
amorphous claim of ineffective assistance of counsel is at
most an "attack[] on defects that would not plausibly have
altered the result." Hernandez, 238 F.3d at 57.

In the instant case, petitioner has waited over 10 years
after the February 15, 1994, deportation hearing to raise an
administrative claim relating to former representation, but
has failed to raise and exhaust that claim administratively,
or to otherwise satisfy the requirements of such a claim.

In the end, the First Circuit has characterized certain

untimely efforts requesting the Federal courts to vacate deportation orders as "not due process but overkill of the kind that has led Congress increasingly to limit judicial review and to abolish waivers even for those who may fully deserve them." Hernandez, 238 F.3d at 57.

And last, but not least because the question of a court's jurisdiction is fundamental, there is a genuine question as to the existence of habeas corpus jurisdiction in factually convoluted ineffective assistance cases. See Lopez v. Ashcroft, 267 F.3d 150, 153 (D. Mass. 2003) (Young, C.J.) (court holding that where a "fact-intensive review" of a legal determination "demands an extensive factual inquiry", that therefore "the Court does not possess habeas jurisdiction in th[e] case."); Reyna-Guevara v. Pasquarell, No. Civ.A.SA-02-CA-481-O (W.D. Tex. 2002) (2002 WL 1821619, *5) (scope of habeas corpus review under section 2241 after St. Cyr is restricted to review of pure questions of law, and does not reach allegations of ineffective assistance of counsel and procedural issues, such claims "far exceed[ing] the scope of this Court's jurisdiction over pure issues of law as articulated by the Supreme Court in St. Cyr".).

Accordingly, even if this Court had jurisdiction to review the claim of ineffective assistance of counsel, petitioner fails to state any colorable claim upon which relief may be granted, and the petition should be dismissed.

## CONCLUSION

For all the reasons set out above, the Court should dismiss the Petition for Writ of Habeas Corpus and deny all other relief sought.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: _____

FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114
(617) 565-2415

## CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to
be served upon pro se petitioner by mail on March 2, 2004.

FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114